## Finley v. Phillips

*Leo W. White*, for plaintiff.
*Reap & Reap*, for defendant.

APONICK, J., for court en banc, February, 1946.— This action is brought in assumpsit by the executrix of a remainderman to recover from the administrator of a life-tenant the amount of taxes upon the property which was paid by plaintiff's testator. Defendant moves for a more specific statement of claim. Upon the argument, defendant raised many interesting questions as to the type of life estate and other matters, and contended that the statement of claim did not state a cause of action. Such matters are not now before the court, but can only be raised by an affidavit of defense raising questions of law: Stankavage v. Wyoming Valley Autobus Co., 38 Luz. 143.

The principal complaint of defendant is that the statement does not set forth the income of the property.

The limit of liability of defendant would seem to be fixed by the amount he received therefrom: Restatement of Property, sections 129, 130. Therefore, an allegation of that amount is necessary to the statement of a complete cause of action.

During the pendency of the life estate, a sequestrator was appointed who collected the rents and disbursed them for necessary expenses. As this would be some indication of the income of the property, we think the amount collected and the amount paid out should be set forth in the statement. Merely referring to the sequestration proceedings in this court is not sufficient. Accordingly,

Rule absolute and plaintiff is directed to file an amended statement of claim within 15 days of the date of this order, which shall state the matters hereinbefore set forth, otherwise judgment of non pros.